**NOT FOR PUBLICATION**

FILED

MAR 09 2018



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD A. WELCH, | No. 16-56544 |
| Plaintiff-Appellant, | D.C. No. 5:11-cv-00740-DFM |
| v. | |
| BILL LATOUR, Esquire, | MEMORANDUM[*] |
| Real-party-in-interest-Appellee, | |
| and | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Submitted March 7, 2018[**]
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiff Ronald Welch timely appeals the district court's order awarding attorney fees to real-party-in-interest Bill LaTour, Plaintiff's lawyer in an underlying Social Security benefits case. We vacate the judgment and remand.

The district court correctly identified the legal standard for determining the amount of fees to award under 42 U.S.C. § 406(b) for representing a Social Security claimant in court: The district court must conclude that the fees granted are reasonable under the standards set forth in <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), and in <u>Crawford v. Astrue</u>, 586 F.3d 1142 (9th Cir. 2009) (en banc). But the district court did not comply with <u>Crawford</u>'s requirement that the court "provide a concise but clear explanation of its reasons for the fee award." 586 F.3d at 1152 (internal quotation marks omitted).

A clear explanation is particularly important here, in light of the unusual circumstances of this case. Counsel misplaced Plaintiff's case file, which may have affected the duration of the case. Moreover, counsel worked disproportionally few hours compared to the large fee awarded. On remand, the district court shall enunciate how those and other relevant circumstances affect the calculation of a reasonable fee.

**VACATED and REMANDED.** The parties shall bear their own costs on appeal.